SEND
JS-6

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-3821 PA (RCx) | Date | June 1, 2009 |
|---|---|---|---|
| Title | EMC Mortgage v. Brandi Smithey-May | | |

| Present: The Honorable | PERCY ANDERSON, UNITED STATES DISTRICT JUDGE |
|---|---|

| Paul Songco | Not Reported | N/A |
|---|---|---|
| Deputy Clerk | Court Reporter | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| None | None |

**Proceedings:**   IN CHAMBERS - COURT ORDER

The Court is in receipt of a Notice of Removal filed by defendant Brandi Smithey-May ("Defendant") filed on May 28, 2009. Defendant, who is appearing pro se, asserts that this Court has subject matter jurisdiction over the matter on the basis of federal question jurisdiction and diversity jurisdiction. Plaintiff's complaint, filed in the Superior Court of California, asserts causes of action for wrongful termination, discrimination, wage and hour violations, retaliation, and other related state law claims. The Complaint contains no citations to federal law. Instead, each claim alleged in the Complaint alleges a violation of state law.

Federal courts are of limited jurisdiction, having subject matter jurisdiction only over matters authorized by the Constitution and Congress. See, e.g., Kokkonen v. Guardian Life Ins. Co., 511 U.S. 375, 377, 114 S. Ct. 1673, 1675, 128 L. Ed. 2d 391 (1994). A "strong presumption" against removal jurisdiction exists. Gaus v. Miles, Inc., 980 F.2d 564, 567 (9th Cir. 1992). In seeking removal, defendant bears the burden of proving that jurisdiction exists. Scott v. Breeland, 792 F.2d 925, 927 (9th Cir. 1986).

Under 28 U.S.C. § 1331, this Court has original jurisdiction over civil actions "arising under" federal law. Removal based on § 1331 is governed by the "well-pleaded complaint" rule. Caterpillar, Inc. v. Williams, 482 U.S. 386, 392, 107 S. Ct. 2425, 2429, 96 L. Ed. 2d 318 (1987). Under the rule, "federal jurisdiction exists only when a federal question is presented on the face of plaintiff's properly pleaded complaint." Id. at 392, 107 S. Ct. at 2429, 96 L. Ed. 2d 318. If the complaint does not specify whether a claim is based on federal or state law, it is a claim "arising under" federal law only if it is "clear" that it raises a federal question. Duncan v. Stuetzle, 76 F.3d 1480, 1485 (9th Cir. 1996). Thus, plaintiff is generally the "master of the claim." Caterpillar, 482 U.S. at 392, 107 S. Ct. at 2429, 96 L. Ed. 2d 318. There is no federal question jurisdiction simply because there is a federal defense to the claim. Id. at 392, 107 S. Ct. at 2429, 96 L. Ed. 2d 318. The only exception to this rule is where plaintiff's federal claim has been disguised by "artful pleading," such as where the only claim is a federal one or is a state claim preempted by federal law. Sullivan v. First Affiliated Sec., Inc., 813 F. 2d 1368, 1372 (9th Cir. 1987).

SEND<br>JS-6

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| Case No. | CV 09-3821 PA (RCx) | Date | June 1, 2009 |
|---|---|---|---|
| Title | EMC Mortgage v. Brandi Smithey-May | | |

      Subject matter jurisdiction based on diversity of citizenship requires all plaintiffs to have different citizenship from all defendants and that the amount in controversy exceed $75,000. See 28 U.S.C. § 1332; Owen Equip. & Erection Co. v. Kroger, 437 U.S. 365, 373, 98 S. Ct. 2396, 2402, 57 L. Ed. 2d 274 (1978). To establish citizenship for diversity purposes, a natural person must be a citizen of the United States and be domiciled in a particular state. Kantor v. Wellesley Galleries, Ltd., 704 F.2d 1088, 1090 (9th Cir. 1983). Persons are domiciled in the places they reside with the intent to remain or to which they intend to return. See Kanter v. Warner-Lambert Co., 265 F.3d 853, 857 (9th Cir. 2001). "A person residing in a given state is not necessarily domiciled there, and thus is not necessarily a citizen of that state." Id. For the purposes of diversity jurisdiction, a corporation is a citizen of any state where it is incorporated and of the state where it has its principal place of business. 28 U.S.C. § 1332(c); see also Indus. Tectonics, Inc. v. Aero Alloy, 912 F.2d 1090, 1092 (9th Cir. 1990).

      Here, Defendant has removed an unlawful detainer action that indicates it is a "limited civil case" and that the "amount demanded does not exceed $10,000." Although the Notice of Removal asserts that there is "complete diversity," Defendant only alleges that she is a resident of California and makes no allegations concerning the citizenship of plaintiff. Moreover, despite alleging that the amount in controversy exceeds $75,000, the Notice of Removal alleges no facts in support of that assertion and the Complaint disclaims damages in excess of $10,000.

      Defendant's allegations in support of the existence of a federal question are similarly inadequate. The Complaint contains a single cause of action for unlawful detainer. No federal claim is alleged in the Complaint. Nevertheless, Defendant's Notice of Removal alleges that the Complaint arises under federal law "resulting from the Moving Party's Discovery Request and demands for 'the original blue inked promissory note,' and as to identify the statutory basis for the discovery request/demands and other claims." These allegations are insufficient to establish the Court's federal question jurisdiction. It is the Complaint, and not Defendant's contemplated defenses and discovery, that trigger the Court's jurisdiction.

      For the foregoing reasons, Defendant has failed to meet her burden of showing that federal question or diversity jurisdiction exists. The Court lacks subject matter jurisdiction and hereby remands this action to the Superior Court of California, County of Los Angeles. See 28 U.S.C. § 1447(c).

      IT IS SO ORDERED.